BARBER, Plaintiff in error, vs. THE STATE, Defendant in error.

*September 25—November 16, 1920.*

*Criminal law: Assault with intent to rape: Evidence: Declarations of defendant as to purpose: Remoteness: Statements of wife out of presence of defendant: Private communications of husband and wife.*

1. In a prosecution for assault with intent to rape, evidence that defendant said that if his wife was ever gone he would "try out" the prosecuting witness (who lived in his home) to see if she was sporty, and that she would either put up quite a fight or do business, is admissible as to the intent of the assault unless too remote in time; and the question whether declarations and threats of a defendant are so remote in time as to lack probative effect is one resting largely, if not entirely, in the discretion of the trial court.

2. Testimony that defendant's wife stated to the prosecutrix, after the assault, that she had not intended to return home that night, and that prosecutrix thereupon asked why she had not been told of that fact, was inadmissible even as impeaching testimony because the statements were hearsay, made out of the defendant's presence, and it was not shown that the wife's intention was known to him; and the admission of this evidence is *held* error requiring reversal.

3. Under sec. 4072, Stats. 1915, as amended by ch. 433, Laws 1917, making a husband and wife competent witnesses for or against the other, except that neither one, without the consent of the other, shall disclose a "private" communication, statements by a husband to a wife as to the occurrence out of which a prosecution for assault with intent to rape arose are inadmissible, the amendment, by substituting "private communications" for "confidential communications," having restricted rather than enlarged the class of communications which may be inquired into.

ERROR to review a judgment of the circuit court for Sauk county: E. RAY STEVENS, Circuit Judge. *Reversed.*

Assault with intent to commit rape. The defendant .was charged with having, on the 13th day of April, 1919, committed a felonious assault upon one Susie Patterson with intent to commit the crime of rape. Upon the trial the jury found the defendant guilty as charged. There were the usual motions to set aside the verdict and for a new trial, which were overruled, and the defendant was duly sentenced to six years in the state prison, and brings this writ to review the action of the trial court.

For the plaintiff in error there was a brief by *Ruggles & Evenson* of Baraboo, attorneys, and *Darrow, Sissman, Popham & Carlin* of Chicago, of counsel; and the cause was argued orally by *Clarence·S. Darrow.*

For the defendant in error there was a brief. by the *Attorney General, J. F. Baker,* assistant attorney general, and *Henry J. Bohn,* district attorney of Sauk county; and the cause was argued orally by *Mr. Baker* and *Mr. Bohn.*

ROSENBERRY, J.   The complaining witness, Susie Patterson, is a school teacher.   Prior to the date of the assault she had taught for one term and a part of another in the district in which the defendant resided, during which time she had boarded in the home of the defendant, where she was living at the time of the alleged assault.   The defendant, his wife, and the complaining witness lived alone, except on such occasions as company was present.   The assault took place on Saturday night at a time when the defendant's wife was absent from the home.   The verdict is first challenged because it is not supported by the evidence, for the reason that there is no proof that the defendant intended to have sexual intercourse with the complaining witness even though she should resist to the utmost.   No useful purpose would be served by setting out in detail the evidence in this case.   In accordance with the rule laid down in *Lonergan v. State,* 111 Wis. 453, 87 N. W. 455, and in *Gerke v. State,* 151 Wis. 495, 139 N. W. 404, and *Koscak v. State,* 160 Wis. 255, 152 N. W. 181, the evidence has been thoroughly and carefully reviewed, and the court is of the opinion that, as the record stands, there is evidence from which the jury might properly find beyond reasonable doubt that the defendant was guilty of the offense charged.   Inasmuch as there must be a new trial, we avoid, as far as possible, commenting upon the evidence,

Numerous objections were made to the admission of evidence, and error is assigned because certain evidence was admitted over the objection of the defendant.   One George Cook was permitted to testify that about fifteen months previous to the time of the assault the defendant said to him in speaking of the prosecutrix: "If my wife is ever gone I will try her out and see whether she is sporty. She will put up quite a fight or she will do business." It is claimed that this testimony was irrelevant and immaterial and too remote, that it had no connection with the element of the offense charged, that it tended to cause the jury to lose sight of the issues made by the plea of not guilty, and that it was

prejudicial to the defendant.  The testimony referred to, if admissible at all, is admissible for the purpose of characterizing the intent with which the defendant assaulted the complaining witness.  If by the word "fight" the defendant meant the complaining witness would have to resist to the utmost, and if such resistance did not defeat his purpose that she would be compelled to submit, it may have that effect and therefore be admissible unless too remote in time.

The question of whether or not declarations and threats of a defendant are so remote in time as to lack probative effect is a question resting. largely, if not entirely, in the discretion of the trial court.  1 Wigmore, Ev. § 399, and cases cited; 16 Corp. Jur. p. 561, § 1087.  We are not called upon in this case to say whether or not there may be an abuse of that discretion.  In some jurisdictions it is held that there may be.  We are clear, however, that in this case there was no abuse of discretion in admitting the defendant's declaration.  The fact that the declaration was made many months prior to the time of the assault affects its weight and not its admissibility and is a circumstance which should be, and no doubt was, taken into account by the jury.

Augusta Barber, wife of the defendant, was asked upon cross-examination .if her husband had told her what had happened.  She replied that he did and that she knew all there. was to know.  She was then asked:

"Isn't it a fact, Mrs. Barber, that at the Miller home that night you said in the presence of Mrs. Miller and Miss Patterson that you could tell by the condition in which you found the bedroom that the girl had put up a brave fight? A. I never did.  Q. Isn't it a fact that you there said that your husband had confessed the whole thing to you and that you did not blame Miss Patterson in the least?  A. I never said any such thing."

Mrs. Grace Miller, in whose home it was claimed that Mrs. Barber had made the statements referred to, was recalled in rebuttal and was permitted to testify in detail as to

what Mrs. Barber said and did upon the occasion of this visit to the Miller home. She testified:

"Mrs. Barber asked where Miss Patterson was and asked Miss Patterson what she was doing in that predicament, and Miss Patterson told her she ought to know. She said *Mr. Barber* had told her all and she knew all about it and she wanted to speak to Miss Patterson alone. . . . She told Miss Patterson that her husband had told her all that had happened. . . . She said the room certainly showed that Miss Patterson had put up a brave fight and I don't blame her at all. She said to Miss Patterson, You know I didn't intend to come home to-night. Miss Patterson said, You didn't? and she said No, I intended to go to the home of my brother and stay over night. Miss Patterson said, Why didn't you tell me that, I didn't know it; and Mrs. Barber never answered her."

In disposing of the motion for a new trial the court said: "The only question raised by the motion that has given me any concern is the question of whether the failure of the defendant to request, or of the court to give, an instruction to the effect that Mrs. Miller's testimony could only be considered for the purpose of impeaching the testimony of Mrs. Barber, the wife of the defendant," and concluded that he could not grant the motion for a new trial because the instruction was not given.

All the statements made by Mrs. Barber in the Miller home were made in the absence of her husband. Her statements, therefore, as to what she intended to do or what her purpose was in going to Baraboo on the night in question were, as to the defendant, pure hearsay, and not admissible upon any theory of the case. Such statements afford no basis for the introduction of impeaching testimony. So far as the defendant was concerned, it was wholly immaterial what his wife had stated or what she intended to do, so long as it was not shown that her plan or intent was communicated to him and that he had knowledge thereof. Mrs. Miller's testimony was therefore not admissible for

the purpose of impeaching Mrs. Barber. The question of the defendant's guilt or innocence being a very close one upon the facts, the jury may have given controlling weight to this inadmissible testimony. The defendant is entitled to have not only a fair but a legal trial, and to have the question of his guilt or innocence determined upon the evidence legally admissible to establish it. Under the circumstances disclosed by the evidence in this case we do not feel that justice has been done the defendant (sec. 2405m, Stats.). The introduction of these collateral matters, to which the defendant was in no way a party, may have been highly prejudicial to him. The fact that his wife did not intend to return, if such was the fact, to her home that night, afforded the defendant a much greater opportunity for the commission of the offense than he would otherwise have had. It may have been in the minds of the jury a very significant fact.

Under a recent amendment to sec. 4072, Stats., "A husband or wife shall be a competent witness for or against the other in all cases, except that neither one without the consent of the other, during marriage, nor afterwards, shall be permitted to disclose a private communication, made during marriage, by one to the other, when such private communication is privileged." In view of the fact that there must be a new trial, we have called attention to this statute. As to privileged communications, the wife is not a competent witness against the husband except by his consent. Prior to the amendment of sec. 4072 by ch. 433, Laws 1917, it was provided thereby that "A husband or wife shall not be allowed to disclose a confidential communication made by one to the other during their marriage, without the consent of the other." The adoption of the amendment did not relax the rule as to confidential communications, but, by substituting the words "private communication" for "confidential communication," the class of communications which may be inquired into was restricted rather than enlarged. *Dexter*

*v. Booth,* 2 Allen (Mass.) 559; Jones, Ev. (2d ed.) § 735. The statements made by the husband to the wife were clearly privileged. Whether the privilege had been waived or the conduct of the husband amounted to a consent does not seem to have been considered, and we call attention to it here in view of the fact that there must be a new trial.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded for a new trial. The warden of the state prison will deliver the defendant into the custody of the sheriff of Sauk county, who will hold him in custody until further order of the court.